DENNIS, Justice.
In this gambling prosecution, after having moved for and received handwriting exemplars from the defendants, the state-moved for additional exemplars. After a hearing the trial judge denied the state’s motion for additional exemplars. We granted the state’s application for a writ of certiorari to determine if the judge abused his discretion in denying the state’s second request. We affirm the trial judge’s ruling.
In its motion for additional exemplars the state did not state any reason why the additional exemplars were necessary. At the hearing on the motion the state’s attorney informed the court that the police officer who had taken the sample felt that there was not a “sufficient quantity” to make any analysis of the original sample. The state, however, did not claim that the defendants had failed to comply with the instructions given to them when they gave the first sample. In fact, the state offered *524 no explanation of why the original exemplar was inadequate. The judge examined a sample and remarked that it contained a whole page of handwriting on which a defendant had copies specified lists of names, numbers, and alphabets. The court found the exemplars were sufficient to provide the basis for handwriting analyses. The state’s attorney requested a recess of four days to allow him to call an expert witness to explain why the original exemplars were insufficient. The trial judge refused to grant the recess and denied the motion on the basis of the allegations and argument presented. The judge expressed a concern that the state’s request for additional exemplars could be based on nothing more than its intention to “try and try again” until it obtained an incriminating exemplar.
The Supreme Court has made clear that the obtaining of physical evidence from a person involves a potential Fourth Amendment violation at two different levels-the “seizure” of the “person” necessary to bring him into contact with government agents, see Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969), and the subsequent search for and seizure of the evidence. United States v. Dionisio, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973); Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Furthermore, the high court has held that the constitutionality of the compulsory production of voice and handwriting exemplars from a grand jury witness necessarily turns on the same dual inquiry-whether either the initial compulsion of the person to appear before the grand jury, or the subsequent directive to make the voice recording or to produce handwriting and printing exemplars is an unreasonable “seizure” within the meaning of the Fourth Amendment. United States v. Dionisio, supra; United States v. Mara, 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973).
In answering the first inquiry,* the high court concluded that a subpoena to appear before a grand jury is not a “seizure” in the Fourth Amendment sense. The compulsion exerted by a grand jury subpoena differs from a seizure effected by an arrest or even an investigative “stop” because the personal sacrifice involved is a part of the necessary contribution of the individual to the welfare of the public and because a subpoena is served in the same manner as other legal process; it involves no stigma whatever; if the time for appearance is inconvenient, this can generally be altered; and it remains at all times under the control and supervision of a court. However, the court was careful to point out that the Fourth Amendment provides protection against a grand jury subpoena duces tecum too sweeping in its terms “to be regarded as reasonable.” Dionisio, supra, 410 U.S. at 11, 93 S.Ct. at 770, 35 L.Ed.2d at 92.
Construing the prosecution’s motions for exemplars herein in the light most favorable to the state, i. e., as a request for a subpoena to appear and produce handwriting exemplars, see articles 66, 439, 732 of the Code of Criminal Procedure, the trial judge had a duty to vacate or modify the subpoena if it was unreasonable or oppressive. Article 732, Code of Criminal Procedure. Reviewing the trial judge’s action in the present case in this context, we conclude that he did not abuse his discretion by refusing a second compulsion of the defendants to appear and produce handwriting and printing exemplars. In view of the defendants’ full compliance with the state’s initial request for exemplars, which were written on forms supplied by the state, and the prosecution’s failure to allege any reason why the initial exemplars were not sufficient, a further subpoena or order requiring the defendants to appear and repeat the process would have been unreasonable or oppressive.
*525 Therefore, the ruling of the trial court is affirmed.
AFFIRMED.
MARCUS and WATSON, JJ., dissent.

The court answered the second inquiry, i. e., whether the taking of an exemplar itself is a violation of the Fourth Amendment, by saying the Fourth Amendment provides no protection for what a person knowingly exposes to the public, and physical characteristics of a person’s voice or handwriting are constantly exposed to the public. Dionisio, supra, 410 U.S. at 14, 93 S.Ct. at 771, 35 L.Ed.2d at 79, Mara, supra, 410 U.S. at 21, 93 S.Ct. at 776, 35 L.Ed.2d at 103.